**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDER MOISES MEDINA AGUSTIN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 26-8500** |
| | : | |
| **ANDY CRUZ, JOHN E. RIFE, MARKWAYNE MULLIN, TODD BLANCHE, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW** | : | |

# ORDER

**AND NOW**, this 10th day of November 2026, upon reviewing Petitioner's counseled Petition for habeas relief (ECF 1) seeking prompt release from custody at the Federal Detention Center Philadelphia after residing in the United States for over eight years and being detained during a routine check-in, Respondents' response (ECF 4) opposing release and arguing Petitioner is subject to mandatory detention and not entitled to a bond hearing despite the uncontested allegations regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, and finding, as we already found, our colleagues in now hundreds of cases nationwide have found facing similar fact patterns, and our Court of Appeals made clear, Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' and our Court of Appeals's extensive analysis and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[1] and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, and finding good cause to maintain and

resolve the vested justiciability of Petitioner's claim in a timely manner, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. Respondents shall **forthwith** release Eder Moises Medina Agustin from federal government custody no later than **3:00 PM EST** on **November 10, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **7:00 PM EST** on **November 10, 2026**;

3. Respondents are temporarily enjoined from re-detaining Mr. Medina Agustin until no earlier than **November 24, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Medina Agustin with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4. Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Medina Agustin from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Medina Agustin is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Medina Agustin from this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Medina Agustin; and,

5. The Clerk of Court **CLOSE** this case.

**KEARNEY, J.**

[1] The United States urges us to order Eder Moises Medina Agustin remain in custody because he is subject to mandatory detention under section 1225(b)(2) and not entitled to a bond hearing. ECF 4 at 1. As the United States note, our Court of Appeals recently held Congress through 8 U.S.C. § 1225(b)(2)(A) did not authorize detention, without a bond hearing, of a noncitizen already in the United States who had earlier entered without inspection. *See Buele Morocho v. Warden Phila. FDC*, 189 F.4th 287 (3d Cir. 2026) (holding Congress's mandate in section 1225(b)(2)(A) applies only to "noncitizens at the border," not to noncitizens already residing in the United States). The United States also acknowledge we, and our colleagues, reached the same result in circumstances with similar facts before and after our Court of Appeals's guidance in *Buele Morocho*. ECF 4 at 3 (citing *Petit Homme v. Jamison*, No. 26-7878 (E.D. Pa. Oct. 19, 2026) (Kearney, J.); *Sanon v. Jamison*, No. 26-7866 (E.D. Pa. Oct. 16, 2026) (Savage, J.); *Sirojidinov v. Jamison*, No. 26-7227 (E.D. Pa. Oct. 1, 2026); *Nuriakhmedov v. Jamison*, No. 26-6695 (E.D. Pa. Sep. 17, 2026); *Krutelev v. Jamison, et al.*, No. 26-5299 (E.D. Pa. July 31, 2026) (Weilheimer, J.); *Nazarkhudoev v. Jamison*, No. 26-991 (E.D. Pa. Mar. 4, 2026) (Wolson, J.); *Lotero Cano v. Jamison*, No. 26-1140 (E.D. Pa. Mar. 3, 2026) (Scott, J.); *Alekseev v. Jamison*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026) (Diamond, J.); *Murodov v. Jamison*, No. 26-594, 2026 WL 413440 (E.D. Pa. Feb. 13, 2026) (Pappert, J.); *Vasquez-Rosario v. Noem*, No. 25-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.)). *See also, Garasov v. Jamison, et al.*, No. 26-8387, 2026 WL 3373206 (E.D. Pa. Nov. 6, 2026) (Rufe, J.); *Abdushukur v. Jamison, et al.*, No. 26-2355 (E.D. Pa. Apr. 15. 2026) (Savage, J.).

We order the United States release Mr. Medina Agustin from custody. The United States does not contest the facts asserted in Mr. Medina Agustin's habeas petition. Mr. Medina Agustin entered the United States in June 2018. ECF 1 ¶ 24. The Department of Homeland Security detained him and then transferred him to the custody of the Office of Refugee Resettlement, a sub-agency of the Department of Health and Human Services. *Id.* The Office of Refugee Resettlement released him in July 2018. *Id.* Mr. Medina Agustin consistently complied with the terms of his release after entry and has become deeply embedded in his community. *Id* ¶ 109. We have no basis today to find the United States offered a basis to continue detaining Mr. Medina Agustin.